*UNITED STATES DISTRICT COURT FOR THE NEW YORK-NORTHERN*

UNITED STATES OF AMERICA
c/o Gary Valerino (Nyn7)
313 East Willow Street, Suite 201
Syracuse, NY *13203*

Plaintiff

vs.

CASE NO: 6:18-CV-532[TJM/TWD]

FRANK H. BOEHM JR.,
155 OXFORD ROAD
NEW HARTFORD, NEW YORK 13413

Defendant

## COMPLAINT -FOR MONEY OWED TO THE UNITED STATES

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III; Section 2, U.S. Constitution, 28 U. S. C. §1345, and 28 U.S.C §3004.

### STATEMENT OF THE CLAIM

2. The Defendant(s) is indebted to the United States for the following amounts:

Current principal balance *(after application of all prior payments, credits, and offsets)*: *$9,412.30;* plus current Capitalized Interest Balance and Accrued Interest: *$62.63;* plus Administrative Fee, Costs, Penalties: $.00; making the

total owed (exclusive of pre-judgment interest, attorney's fees and costs) $9,474.93. Plus Attorney's fees to the extent allowed by law; plus costs and post-judgment interest.

3. The Certificate of Indebtedness, attached as Exhibit "B", shows the total owed excluding attorney's fees and Court costs and related charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of a $0.93 per day from the date stated in Exhibit "B". The promissory notes which are at issue are attached as Exhibit "A" hereto.

## Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, the United States of America prays for judgment:

A. For the sums set forth in paragraph 2 above, plus prejudgment interest through the date of judgment, all administrative costs, and service of process costs allowed by law, and post-judgment interest pursuant to 28 U.S.C § 1961 with that interest on the judgment at the legal rate per annum until paid in full;

B. For attorneys 'fees allowed by law or contract; and
C. For such other relief which the Court deems proper.

                              Respectfully submitted

                              /s/ Gary J. Valerino
                              _____
                              Gary J. Valerino (Nyn7),
                              Bar No. 505771
                              313 East Willow Street, Suite 201
                              Syracuse, New York 13203
                              Telephone No: 315.471.1664
                              Fax No: 315.471.7882
                              Attorney for the United States of America

May 3, 2018


Notice: IF THIS LINE _____ IS CHECKED, THE NOTES ATE TRUE COPIES.

CDCS No:2017A67967/001

3

# EXHIBIT A

Case 6:18-cv-00532-TJM-TWD   Document 1-1   Filed 05/04/18   Page 2 of 5

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
HEALTH SERVICES ADMINISTRATION

**HEALTH EDUCATION ASSISTANCE LOAN PROGRAM**
(42 U.S.C. 294-294?)

*PROMISSORY NOTE*

(VARIABLE RATE)

Rush Medical College
Med 03/02/84 - 03/09/84
032184

When you receive the loan disbursement check for endorsement, you will be provided notice of the amount financed (the loan amount less the insurance premium), the pre-paid finance charge (the insurance premium), and the annual percentage rate (APR) for the initial quarter. You are not contractually obligated on the loan if the disbursement check is not endorsed.

**PROMISE TO PAY**

I, Frank H. Boehm Jr., the borrower, promise to pay to First American Bank, N.A., Washington, D.C. (the lender), or the subsequent holder of this Note, the principal sum of 15,000 to the extent it is advanced to me, to pay interest on the principal sum as set out below and to pay authorized late charges, all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due.

---

The lender and I further understand and agree that:

**INTEREST**

1. Beginning on the day the loan is disbursed and ending when the repayment period commences, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume, interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every six (6) months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me.

2. Interest shall accrue and be payable at an ANNUAL PERCENTAGE RATE which is equal to a variable rate which is calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 percent, rounding this figure up to the nearest 1/8 of 1 percent.

3. Any change in the ANNUAL PERCENTAGE RATE will affect the payment amounts, the number of payments, or the amount due at maturity.

**INSURANCE PREMIUM**

I agree to pay the lender, in addition to interest and principal due, an amount equal to the premium that the lender is required to pay to the Secretary in order to provide insurance coverage on this Note. Payment of an insurance premium calculated in accordance with instructions issued by the Secretary shall be due and payable immediately and may be taken by the lender from the loan proceeds.

**REPAYMENT**

1. Repayment shall be made in periodic installments over a repayment period which starts the first day of the tenth month after the month in which I cease to be a full-time student at a HEAL school. However, if I become an intern or resident in an accredited program before that date, then the repayment period begins the first day of the tenth month after the month in which I cease to be an intern or resident.

2. The repayment period shall not be less than 10 years nor more than 25 years. In no event, however, shall the repayment period extend to a date that is more than 33 years from the date on which I signed this Promissory Note. Any period described under DEFERMENT shall not be included in determining the 10, 25, or 33 year periods.

3. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me prior to the beginning of the repayment period.

4. I shall make a minimum annual repayment of at least $600 or an amount equal to the annual interest on the unpaid principal balance, whichever is greater. If I have other outstanding HEAL loans, the sum of all payments to all holders of my HEAL loans shall not be less than $600 or an amount equal to the consolidated interest on the unpaid principal balances, whichever is greater. However, the $600 rule does not apply if it would result in my repaying a HEAL loan in fewer than 10 years.

**PREPAYMENT**

I may, at my option and without penalty, prepay all or any part of this loan (principal or accrued interest) at any time. In the event of such prepayment, I shall be entitled to a rebate of unearned interest computed by [ ] the Sum of the Digits Formula (Rule of 78ths), or [ ] other (identify) ___N/A___ (Not to be completed if simple interest is computed on a daily basis).

**DEFERMENT**

Periodic installments of principal and interest need not be paid, but interest shall accrue:

1. When I am carrying a full-time course of study at a HEAL school or at an institution of higher education participating in the Guaranteed Student Loan Program; and

2. Not in excess of three years for each of the following when I am:

   A. a member of the Armed Forces of the United States;
   B. in service as a volunteer under the Peace Corps Act;
   C. in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and
   D. a member of the National Health Service Corps.

3. Not in excess of four years when I am a participant in an accredited internship or residency program.

**LATE CHARGES**

I may be assessed a late charge of five percent of the installment payment or $5.00, whichever is less, on any payment made later than 10 days after the due date.

**DEATH/DISABILITY**

If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal regulations.

**DEFAULT**

In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.

**GENERAL**

The terms of this Note shall be construed according to the Law (42 U.S.C. 294-294?) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note.

I shall promptly notify the lender or any other holder of this Note in writing, of any change of name, address, school enrollment status or any other event described in paragraph 3 of the Borrower's Responsibilities as found on the reverse side of this Note.

I agree that all proceeds from this loan will be used solely for tuition and other reasonable educational and living expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, transportation and commuting costs, personal expenses, the HEAL insurance premium, and interest on HEAL loans.

I have read and understand the Statement of Rights and Responsibilities printed on the reverse side of this form.

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

**BORROWER'S RIGHTS**

1. The loan check or draft must be made payable to me or if authorized by me — jointly to me and the school. The check or draft must require my endorsement.
2. The lender must provide me with a copy of the completed promissory note when the loan is made. The lender must return the note to me when the loan is paid in full.
3. If the lender assigns (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the new holder.
4. I have a right to a 9-month "grace period" before repayment begins after I have completed school attendance (and internship and residency in an accredited program, if started before the first day of the tenth month after I ceased to be a full-time student at a HEAL school).
5. I have a right to prepay the whole or any portion of the loan at any time without a penalty.
6. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment, I am not required to make payments on the loan principal or interest for a period of time. The conditions that qualify me for a deferment are listed under DEFERMENT on the promissory note.
7. The lender will provide me with a repayment schedule before the repayment period begins.
8. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal regulations.
9. At the option of the Federal Government, I may apply for a special contract to have my loan fully or partially repaid by serving for at least two years in the National Health Service Corps or in a health manpower shortage area identified by the Secretary of H.H.S. I understand that a contract may be granted depending on the availability of positions in shortage areas and the availability of Federal funds appropriated for this purpose.
10. The lender cannot change the terms of my HEAL loan without my consent.

**BORROWER'S RESPONSIBILITIES**

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or if I default, the total amount to be repaid may be increased by additional interest costs, late charges, attorney's fees, court costs and other collection costs.
2. I understand that the lender may charge me an insurance premium and that I will not be entitled to any refund of this premium.
3. I must immediately notify the lender if any of the following occurs before the loan is repaid:
   a. change of address
   b. name change (e.g., maiden name to married name)
   c. failure to enroll in a HEAL school for the period for which the loan is intended
   d. transfer to another school
   e. withdrawal from school or attendance on a less than full-time basis
   f. graduation
   g. cessation of participation in an internship/residency program or other eligible deferment status.
4. I must repay the loan in accordance with a repayment schedule. More detailed information about the repayment terms is listed under REPAYMENT on the promissory note.
5. I must notify the lender of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.
6. I understand that this loan must be paid. If I do not make payments when due, the lender may declare my loan in default. If I default, the Federal Government will take over my loan and I will then owe the Government. My default may result in court action to force me to pay. Federal law precludes me from discharging this loan in bankruptcy until after the first five years of the repayment period.
7. I understand that I can only use the proceeds of my HEAL loan for tuition and other reasonable educational and living expenses.

ALL RIGHT, TITLE AND INTEREST OF THE
UNDERSIGNED IS HEREBY ASSIGNED
(WITHOUT WARRANTY, EXCEPT THE NOTE
QUALIFIES FOR INSURANCE)

# STUDENT APPLICATION FOR A HEALTH EDUCATION ASSISTANCE LOAN

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines and imprisonment under the U.S. Criminal Code.

## SECTION I - TO BE COMPLETED BY STUDENT *IMPORTANT READ INSTRUCTIONS BEFORE COMPLETING*

**1. LAST NAME; FIRST NAME, MIDDLE INITIAL:** BOEHM JR. FRANK H.

**2. SOCIAL SECURITY NUMBER:** [redacted]

**3. BIRTHDAY:** [redacted]

**4. PERMANENT HOME RESIDENCE ADDRESS:** [redacted]

**5. TEMPORARY SCHOOL RESIDENCE ADDRESS:** [redacted]

**6. U.S. CITIZEN OR NATIONAL:** (1) YES [X]  (2) NO [ ]

**7. LEGAL STATE RESIDENCE:** NY

**8. MAJOR COURSE OF STUDY:** Medicine

**9. PERIOD OF LOAN:**
(1) FROM 7/15/83
(2) TO 6/9/84

**10. AMOUNT REQUESTED:** $15,000

**11.** I, THE BORROWER, CERTIFY THAT THE INFORMATION CONTAINED IN THIS APPLICATION IS TRUE, COMPLETE, AND CORRECT TO THE BEST OF MY KNOWLEDGE. I FURTHER CERTIFY THAT THE PROCEEDS OF ANY LOAN MADE AS A RESULT OF THIS APPLICATION WILL BE USED FOR EDUCATIONAL PURPOSES AT THE INSTITUTION NAMED ON THIS FORM. I HEREBY AUTHORIZE THE EDUCATIONAL INSTITUTION TO MAKE REFUNDS DUE ME TO THE LENDING INSTITUTION IN ORDER TO REDUCE MY LOAN OBLIGATIONS. I AGREE THAT THE LOAN CHECK MAY BE MADE JOINTLY PAYABLE TO ME AND MY HEAL SCHOOL.

**SIGNATURE OF APPLICANT:** Frank H Boehm Jr

**DATE:** 2/21/84

## SECTION II - TO BE COMPLETED BY THE EDUCATIONAL INSTITUTION

**12. NAME OF EDUCATIONAL INSTITUTION:** Rush Medical College
**ADDRESS:** 1743 W. Harrison Street
**CITY, STATE, ZIP:** Chicago, Illinois 60612
**AREA CODE/TELEPHONE NUMBER:** (312) 942-6256

**13. ENTITY NUMBER:** 1-362174823-A2

**14. SCHOOL CODE:** 024548

**15. ACADEMIC YEAR:** (1) FROM 7/15/83  (2) TO 6/9/84

**16. PERIOD OF LOAN:** (1) FROM 7/15/83  (2) TO 6/9/84

**17. STUDENT I.D. NUMBER:** 822357

**18. ANTICIPATED DATE OF GRADUATION:** 06/84

**19.** I HEREBY CERTIFY THAT THE ABOVE STUDENT MEETS THE ELIGIBILITY REQUIREMENTS LISTED IN SECTION 60.5 OF THE HEAL REGULATIONS. (42 CFR 60.5)

**20. ESTIMATED COSTS OF EDUCATION FOR LOAN PERIOD**
- TUITION AND FEES: $11,370
- OTHER: $24,500
- TOTAL: $35,870

**21. FINANCIAL AID AWARDED FOR LOAN PERIOD**
- EDUCATIONAL LOANS: $16,040
- SCHOLARSHIPS AND GRANTS: $—
- OTHER: $4,832
- TOTAL: $20,870

**22. NET COST OF EDUCATION (Item 20 less Item 21):** $15,000

**SIGNATURE OF AUTHORIZING OFFICIAL:** Robert A. Dame
**NAME AND TITLE:** Robert A. Dame / Director
**DATE:** 2/24/84

## SECTION III - TO BE COMPLETED BY THE LENDING INSTITUTION

**23. NAME OF LENDING INSTITUTION:** First American Bank, N.A.
**ADDRESS:** 740 15th Street, N.W.
**CITY, STATE, ZIP:** Washington, D.C. 20005

**24. ENTITY NUMBER:**

**25. LENDER CODE:** 826145

**26. AREA CODE/TELEPHONE NUMBER:** 703-385-8502

**27. AMOUNT LENDER APPROVED:** $15,000

**STOP - REVIEW TOTAL APPLICATION BEFORE PROCESSING**

**28. SIGNATURE OF AUTHORIZED LENDING OFFICIAL:** Hilka Metz
**PRINT OR TYPE NAME AND TITLE:** Hilka Metz, Asst. Acc't Rep.
**DATE:** 03/09/84

- 1 -

APPLICANT'S BACKGROUND INFORMATION
(This portion must be completed before processing) RECEIVED

29. INDICATE NAMES OF PARENTS (or guardians) OR, IF DECEASED, NEAREST LIVING RELATIVE OTHER THAN SPOUSE OR SPOUSE'S PARENTS

| NAMES | ADDRESS (Include number, street, city, State and ZIP code) | TELEPHONE NO. (Include area code) |
|---|---|---|
| [redacted] | [redacted] FEB 29 1984 LJA/SLRC | [redacted] |

30. INDICATE NAME OF NEAREST LIVING ADULT RELATIVE OTHER THAN PERSONS LISTED ABOVE. IF THIS IS NOT POSSIBLE, INDICATE THE NAME OF ANOTHER EMPLOYED ADULT WHO KNOWS YOU.

| NAMES | ADDRESS (Include number, street, city, State and ZIP code) | TELEPHONE NO. (Include area code) |
|---|---|---|
| [redacted] | [redacted] | [redacted] |

31. LIST ALL INDEBTEDNESS OF $100 OR MORE

| ALL HEAL STUDENT LOANS NAME OF LENDER | SCHOOL PERIOD BEGINNING | SCHOOL PERIOD ENDING | DATE OF LOAN | UNPAID BALANCE |
|---|---|---|---|---|
|  |  |  |  | $ |
|  |  |  |  | $ |
|  |  |  |  | $ |
|  |  |  |  | $ |
|  |  |  |  | $ |
|  |  |  |  | $ |
|  |  |  |  | $ |

| OTHER DEBTS AND OTHER EDUCATIONAL LOANS NAME OF LENDER | DATE OF LOAN | UNPAID BALANCE |
|---|---|---|
| NY STATE GUARANTEED LOAN | 12/78 | $ 4400 |
| " | 1/83 | $ 5000 |
| " | 1/84 | $ 5000 |
| IHELA Program Through Rush | 12/83 | $ 21,165 |
|  |  | $ |
|  |  | $ |
|  |  | $ |

ADDITIONAL INFORMATION (If necessary)

-2-

# EXHIBIT B



DEPARTMENT OF HEALTH & HUMAN SERVICES

Program Support Center

Debt Collection Center

## CERTIFICATE OF INDEBTEDNESS
*Health Education Assistance Loan*

Frank H Boehm Jr.


HHS Claim Number:

Total debt due the United States as of June 13, 2017: $9,474.93 (principal $9,412.30, interest $62.63).

I certify that the Department of Health and Human Services' (HHS) records show that the named individual is indebted to the United States in the amount stated above. Interest is computed at a variable rate and adjusted quarterly. Interest is currently accruing at the rate of 3.625% per annum; and $0.93 per day. Due to the compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with Health Education Assistance Loan(s) made by a private lender and assigned to the United States.

Mr. Boehm applied for and was granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292).

| Date of Promissory Note | Amount of Promissory Note | Amount Disbursed |
|---|---|---|
| 03/18/84 | $15,000.00 | $15,000.00 |

Mr. Boehm signed a promissory note(s) agreeing to repay the loan(s) beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program.

The HHS notified Mr. Boehm by letter dated May 16, 2011, that the previous holder of the HEAL promissory note(s) placed him in default and assigned the note(s) to the U.S. Government.

Additional notifications and demand letters regarding the indebtedness were sent on the following dates: June 29, 2011; August 26, 2011; and July 11, 2012.

On May 5, 2017, Mr. Boehm was notified that he had sixty days in which to resolve the delinquent debt or he case would be referred to the DOJ for enforced collection. He did not comply.

To date, he has not made any payments to the United States.

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ), District of Northern New York, P.O. Box 7198, 100 South Clinton St. Syracuse, NY 13261 for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

7/6/2017
Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services

JS 44 (Rev. 06/17) **CIVIL COVER SHEET** 6:18-CV-532

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
UNITED SATATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MEGGESTO CROSSETT & VALERINO, LLP 201 EAST WILLOW STREET, SUTIE 201, SYRACUSE, NEW YORK 13203

### DEFENDANTS
FRANK BOEHM JR.,

County of Residence of First Listed Defendant  ONEIDA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| [X] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 465 Other Immigration Actions | | |
| | / ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28UDC1345
Brief description of cause:
DEFAULTED STUDENT LOAN

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 9,474.93
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  [X] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 05/03/2018   SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT Waived   APPLYING IFP _____   JUDGE TJM   MAG. JUDGE TWD